IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSPEH DIVISION

| | | |
|---|---|---|
| MICHELLE PANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:22-CV-06091-DGK |
| | ) | |
| M ROGERS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS COUNTS V AND VI**

This lawsuit arises from Plaintiff Michelle Panning's employment with Defendant M Rogers, Inc., doing business as Rogers Pharmacy. Plaintiff was the Store Manager at Defendant's Mound City, Missouri location from 2017 to October 26, 2021, when Defendant terminated her. During her tenure as Store Manager, Plaintiff claims she was subjected to sex/gender discrimination and the victim of three anonymous letters that contained false accusations about her. Plaintiff gave the third letter to the police after upper management allegedly refused to investigate the letters internally. Shortly thereafter, Plaintiff told her manager that she was pregnant, and she was terminated five days later. Plaintiff filed suit against Defendant.

Now before the Court is Defendant's Motion to Dismiss Counts V and VI of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Defendant argues Count V (wrongful termination in violation of public policy) and Count VI (wrongful termination in violation of the Whistleblower Protection Act ("WPA")) are precluded by the Missouri Human Rights Act ("MHRA") and/or Title VII. Plaintiff argues her claims are not precluded, and, regardless, she is permitted to pursue multiple avenues of relief in her complaint.

For the reasons stated below, the motion is GRANTED. Counts V and VI are dismissed with prejudice.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Factual Background**

Below are the allegations relevant to the pending motion. All reasonable inferences have been drawn in the light most favorable to Plaintiff.

Before being terminated on October 26, 2021, Plaintiff was employed with Defendant for approximately thirteen years. Compl. ¶ 11, ECF No. 1. In the spring of 2017, Plaintiff was

2

Case 5:22-cv-06091-DGK   Document 25   Filed 12/22/22   Page 2 of 8

promoted to the store manager position at Defendant's Mound City, Missouri location and served in this position until her termination. *Id.* ¶ 12.

Shortly after her promotion in 2017, an anonymous letter was sent to the wife of Chief Operating Officer ("COO") Kurt Clark, stating Plaintiff was promoted because she was having an affair with him. Defendant did not conduct an internal investigation into the letter. *Id.* ¶¶ 14–15.

In the summer of 2019, while Plaintiff was on maternity leave, a second anonymous letter was sent to Defendant's owners and upper management accusing Plaintiff of disclosing customer health information while at a social gathering. Again, Defendant did not investigate the matter. *Id.* ¶¶ 16–18.

In July 2021, Plaintiff received an anonymous letter (the third of its kind), calling her a "bitch" and urging her to relinquish her position of store manager. Plaintiff reported the letter to Defendant's owners and upper management, informing them that she would be giving the letter to the police and pressing charges against the author once discovered. Instead of conducting an internal investigation, Owner Benne Rogers and COO Kurt Clark allegedly told Plaintiff she was overreacting and to throw the letter away. Plaintiff later told them that she gave the letter to the police instead. *Id.* ¶¶ 20–26.

On October 21, 2021, Plaintiff told her manager, Nancy Johnson, that she was pregnant. *Id.* ¶ 26.

On October 26, 2021, five days later, Ms. Johnson terminated Plaintiff. Ms. Johnson allegedly told Plaintiff that she was fired because "they needed someone who will be around" and because she mentioned the latest letter to a co-worker. *Id.* ¶¶ 30–31.

On August 15, 2022, Plaintiff filed this lawsuit.

**Discussion**

Plaintiff asserts several claims against Defendant: gender discrimination and harassment in violation of the MHRA (Count I) and Title VII (Count II); retaliation in violation of the MHRA (Count III) and Title VII (Count IV); wrongful termination in violation of public policy (Count V) and the WPA (Count VI); and, lastly, a claim alleging provisions of the WPA violate the Missouri Constitution (Count VII)[1]. Defendant moves to dismiss Counts V and VI. Missouri substantive law governs here.

   I.   **Plaintiff's claim for wrongful termination in violation of public policy (Count V) is barred by the MHRA's "exclusivity provision."**

Defendant argues the MHRA and WPA provide the exclusive remedy for employment-related claims and, as such, preclude Plaintiff's tort claim for wrongful termination in violation of public policy (Count V). *See* Df.'s Mot. to Dismiss at 3–5. Plaintiff argues the facts giving rise to Count V are distinguishable from the facts giving rise to her retaliation claims under the MHRA and Title VII (Counts III and IV) and, therefore, Count V is not barred by the exclusivity provisions of the MHRA or WPA. *See* Pl.'s Response at 2–4.

The Court focuses its analysis on the preclusive effect of the MHRA.[2] The MHRA prohibits discrimination and retaliation in the workplace, among other things. *See generally* Mo. Rev. Stat. § 213.010 *et seq*. In 2017, the Missouri Legislature amended the MHRA, specifying that it "shall provide the *exclusive remedy* for any and all claims for injury or damages arising from the employment relationship." Mo. Rev. Stat. § 213.070.2 (emphasis added) (the "exclusivity provision"). The Supreme Court of Missouri recently recognized the exclusivity provision, stating the MHRA "supersedes and displaces . . . common law claims" because it "fully provides for all

---

[1] The Court addresses Count VII of Plaintiff's complaint in a separate Order. *See* Order to Show Cause, ECF No. 26.
[2] Because the Court holds the MHRA's exclusivity provision precludes Count V, the Court declines to address whether the WPA also precludes Count V.

remedies available at common law." *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018) (finding the MHRA superseded and displaced plaintiff's common law claims of negligence and wrongful discharge).

Whether the exclusivity provision applies turns on whether a plaintiff's injuries or damages arise from an "employment relationship." The existence of such an "employment relationship" is broadly construed. *See e.g.*, *Huskey v. Petsmart, Inc.*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019) (Because plaintiff's civil conspiracy claim concerned what the MHRA defines as "unlawful employment practices," and she sought lost wages and benefits, the court concluded her injuries and damages arose from the "employment relationship," and the exclusivity provision applied.); *Hoaglin v. HyVee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 1928536, at *1 (W.D. Mo. Apr. 30, 2019) (refusing to hear employee's tort claims because they were based on the same facts that formed the basis of her MHRA claim, and she sought the same remedies).

Here, Count V is based on the same facts that form the basis of Plaintiff's MHRA retaliation claim (Count III), and she seeks nearly identical remedies. Count III alleges Defendant caused Plaintiff lost wages and emotional distress, and it requests compensatory and punitive damages, costs expended, and reasonable attorneys' fees. Count V also alleges Defendant caused Plaintiff lost wages and benefits of employment as well as emotional distress, and it requests compensatory and punitive damages, and costs expended. Plaintiff's injuries and damages in Count V clearly arise out of the employment relationship and are, therefore, barred by the MHRA's exclusivity provision. Thus, Count V fails to state a claim upon which relief can be granted.

5

Case 5:22-cv-06091-DGK   Document 25   Filed 12/22/22   Page 5 of 8

## II. Plaintiff's claim for wrongful termination in violation of the WPA (Count VI) is barred by the WPA's "other scheme" provision.

Defendant moves to dismiss Plaintiff's claim for wrongful termination in violation of the WPA (Count VI) because the MHRA and Title VII already provide a private cause of action.[3] Df.'s Mot. to Dismiss at 6–7. Plaintiff argues that her WPA claim is different from her MHRA and Title VII retaliation claims in that her WPA claim alleges "threatening" conduct, whereas her MHRA and Title VII claims allege "discriminatory" conduct. Pl.'s Response at 5–6. Regardless, Plaintiff argues she can pursue multiple avenues for relief at this stage of litigation. *Id.*

While Federal Rule of Civil Procedure 8(d)(2)–(3) generally allows for alternative pleadings and inconsistent claims, the WPA specifically states that "if a private right of action for damages exists under another statutory or regulatory scheme, whether under state or federal law, no private right of action shall exist under this statute." Mo. Ann. Stat. § 285.575.5 (the "other scheme" provision).

Thus, Plaintiff cannot recover under the WPA *if* the MHRA or Title VII provide a private cause of action to remedy the same wrong. *See Collins v. Gershman Inc. Corp.*, 4:20-CV-00404-AGF, 2021 WL 2816360, at *2–3 (E.D. Mo. July 6, 2021) (holding plaintiff could bring a retaliation claim under both the WPA and False Claims Act only because her WPA claim cited multiple violations of Missouri law that "ha[d] nothing to do with fraud against the United States" via the False Claims Act). To make this determination, the Court must analyze Plaintiff's WPA, MHRA, and Title VII retaliation claims and the remedies she seeks for each.

Under the WPA, it is "an unlawful employment practice for an employer to discharge an individual defined as a protected person in this section because of that person's status as a protected

---

[3] Alternatively, Defendant moves to dismiss Count VI on the basis Plaintiff failed to plead that she was a "protected person" under the WPA since it is unclear whether Defendant authored the anonymous letters. *See* Df.'s Reply Sugg. at 7, ECF No. 15. Because the Court holds the WPA's "other scheme" provision precludes Count VI, the Court declines to address this alternative argument.

Case 5:22-cv-06091-DGK   Document 25   Filed 12/22/22   Page 6 of 8

person." Mo. Ann. Stat. § 285.575.4. A "protected person" is an employee who, among other things, has reported unlawful acts of its employer to the proper authorities, or who reports "serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute or regulation . . . ." *Id.* at § 285.575.2(4).

As explained above, the MHRA prohibits discrimination and retaliation in the workplace and specifies that it "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." *See* Mo. Rev. Stat. § 213.070. Title VII also provides a private right of action against an employer who retaliates against an employee "because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a).

Here, as best the Court can tell, the facts underlying Plaintiff's WPA retaliation claim are identical to the facts giving rise to her MHRA and Title VII retaliation claims—all three counts allege Defendant terminated Plaintiff after she reported the anonymous letter to the police, albeit the wording is slightly different in each allegation.[4] Additionally, each count alleges Defendant acted with an evil motive or reckless indifference toward Plaintiff, and Plaintiff incurred lost wages and emotional distress as a result. Furthermore, all three claims seek virtually the same relief.[5]

---

[4] For instance, the WPA claim alleges Defendant "retaliated against Plaintiff for reporting and opposing unlawful conduct" (referring to the letter). Compl. ¶ 90. The MHRA and Title VII claims each state that "[f]ollowing Plaintiff's reports of discrimination in July of 2021 [(referencing her reporting of the anonymous letter)], Defendant retaliated against Plaintiff in ways including but not limited to terminating Plaintiff's employment approximately three months later." *Id.* ¶¶ 62, 72.

[5] Plaintiff seeks compensatory and *punitive* damages, costs expended, and attorneys' fees under her MHRA and Title VII claims. Compl. at 10–11 (emphasis added). Plaintiff seeks compensatory and *liquidated* damages, costs and expenses, and attorneys' fees under her WPA claim. *Id.* at 14 (emphasis added).

Since all three claims remedy what is essentially the same wrong, Plaintiff cannot recover under the WPA given the "other scheme" provision. Count VI is, therefore, dismissed with prejudice.

## Conclusion

For the reasons discussed above, the motion is GRANTED. Count V and VI against Defendant are dismissed with prejudice.

**IT IS SO ORDERED.**

Date:   December 22, 2022                              /s/ Greg Kays
                                                                            GREG KAYS, JUDGE
                                                                            UNITED STATES DISTRICT COURT